IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH MELVIN CHERCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-292-WKW |
| | ) | [WO] |
| RICHARD DALE LIVELY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Kenneth Melvin Cherch has filed a *pro se* complaint under 42 U.S.C.

§ 1983.  (Doc. # 1.)  He names one Defendant in his complaint:  Richard Dale Lively,

the attorney appointed to represent him in his pending state criminal case.[1]  *See State*

*v. Cherch*, CC-2024-746.00 (Elmore Cnty. Cir. Ct.).[2]  For the reasons to follow,

Plaintiff's claims must be dismissed prior to service of process pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(i) and (ii).

## II.  STANDARD OF REVIEW

Plaintiff is a detainee at the Elmore County Jail proceeding *in forma pauperis*

(IFP).  (*See* Doc. # 3.)  Under the IFP provisions of § 1915, any complaint filed is

---

[1] Plaintiff brings this suit against Mr. Lively in his individual and official capacities.  (Doc. # 1 at 2.)

[2] The records from Plaintiff's state-court proceedings are available at https://v2.alacourt.com/.

subject to mandatory court review.  Section 1915 requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii).

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law."  *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at \*3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist."  *Id.* (citation omitted).

Moreover, a complaint must be dismissed at the statutory screening stage if it fails to state a claim on which relief may be granted.  *See* § 1915(e)(2)(B)(ii).  This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III.  THE COMPLAINT'S ALLEGATIONS

The allegations in the complaint, construed favorably to Plaintiff, set forth the following. Plaintiff claims that his Sixth and Fourteenth Amendment rights are being violated because Mr. Lively, his court-appointed attorney, "has not assisted"

Plaintiff after Plaintiff gave him video evidence (body camera footage) and sworn affidavits from officers who were involved, presumably, in his arrest and subsequent prosecution. (Doc. # 1 at 4.) Plaintiff further claims that Mr. Lively has not asked for dismissal or filed any dismissal motions; that Mr. Lively has not acted upon Plaintiff's *pro se* motions for a speedy trial, suppression hearings, and to dismiss; and that Mr. Lively disclosed attorney-client confidences to the prosecutor. (*Id.*) According to Plaintiff, he has asked Mr. Lively to discuss his case "some 20 times" since Mr. Lively was appointed, but Mr. Lively has only come to the jail three times. (*Id.* at 5.)

Plaintiff also mentions that it has been three years since he was arrested (*id.* at 4) and that he has been unable to seek rehabilitation in the Elmore County Jail for a stroke he suffered in 2023 (*id.* at 5). As relief, he asks the court to: (1) review the case action for his state criminal case and "see these facts put in place"; (2) impose sanctions against Mr. Lively; and (3) appoint a mediator or, alternatively, "grant a trial to award damages for [Mr. Lively's] blatant disrespect of [his] rights" in the criminal case. (*Id.* at 5.)

## IV.  DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: First, he must allege a violation of a right protected by federal laws; second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

## A.    Richard Dale Lively:  Not a State Actor Under 42 U.S.C. § 1983

As Plaintiff's appointed attorney in his ongoing criminal case, Mr. Lively is not a state actor for purposes of § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the alleged constitutional deprivation. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see also Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."). "[A] public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The same is true for private attorneys, like Mr. Lively, who are appointed by the court to represent indigent defendants during criminal proceedings. *See*

*Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." (quoting *Dodson*, 454 U.S. at 318)); *accord Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (per curiam).

To be considered a state actor under § 1983, a private party must have exercised a traditionally exclusive public function, acted in concert with public officials, or engaged in conduct compelled by the state." *Watkins v. Dubreuil*, 820 F. App'x 940, 943 (11th Cir. 2020). Standing alone, the appointment of counsel by a judicial officer does not turn a defense attorney into a state actor for purposes of § 1983. *See Brillon*, 556 U.S. at 91 ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

Plaintiff has not alleged any acts or omissions on Mr. Lively's part that would necessitate the classification of Mr. Lively as a state actor for purposes of § 1983. As a court-appointed attorney who appears to be performing a traditional function as counsel to Plaintiff during his criminal proceedings, Mr. Lively is not a proper defendant under § 1983. Consequently, Plaintiff's official- and individual-capacity claims against Mr. Lively will be dismissed as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

6

**B.      Plaintiff's Additional Claim**

In addition to his claims against Mr. Lively, Plaintiff appears to assert an additional claim that is not directed at the named Defendant.  This claim will be dismissed as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

Plaintiff contends that he has not been able to seek rehabilitation in the Elmore County Jail following a stroke he suffered in August 2023 while incarcerated.  (Doc. # 1 at 5.)  It is unclear whether these allegations relate solely to his claimed injuries or if he is alleging a separate claim that he has a serious medical need that is being ignored.  To the extent that Plaintiff is trying to assert an Eighth Amendment claim for deliberate indifference to his serious medical need, this claim is time-barred.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues."  *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025).  "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent

regard for his rights." *Id.* (cleaned up). Claims brought after the expiration of the statute of limitations may be considered frivolous. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); *see also Reid v. Republic Bank & Tr. Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (affirming the district court's *sua sponte* dismissal of some claims under § 1915(e)(2)(B) based on the expiration of the limitations period); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (recognizing the running of the applicable statute of limitations as a sufficient ground for dismissal under § 1915(e)(2)(B)).

Based on Plaintiff's allegation that he suffered a stroke in August 2023, it logically follows that he would seek rehabilitation at the time of the stroke or as soon as possible thereafter. Plaintiff did not file this complaint under April 22, 2026.[3] More than two years and seven months passed between Plaintiff's stroke and the filing of his complaint, and there is nothing to indicate that a reasonably prudent person with regard for his rights would wait so long to seek rehabilitative care or raise a claim based on his inability to receive such care. Therefore, to the extent that

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court will "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his § 1983 complaint "04/22/2026." (Doc. # 1 at 6.) Therefore, Plaintiff's complaint is deemed filed on April 22, 2026, even though it was not received and docketed until April 27, 2026.

Plaintiff attempts to assert a deliberate-indifference claim, that claim will be dismissed without prejudice as time-barred.

## C.    Potential Challenge to the Fact or Duration of His Confinement

Plaintiff mentions that it has been three years "from arrest to present." (Doc. # 1 at 4.)  It is unclear whether Plaintiff is simply making an observation or if he is attempting to challenge the duration of his confinement at the Elmore County Jail. To the extent that Plaintiff is challenging the duration of his confinement, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted).  Section 2241 provides a federal habeas remedy to a state pretrial detainee who claims to be held in custody in violation of the Constitution, laws, or treaties of the United States.  *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition[,] it would only be properly asserted pursuant to 28 U.S.C. § 2241."); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). However, "a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'" *Johnson v. Florida*, 32 F.4th 1092, 1095–

9

96 (11th Cir. 2022) (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) (per curiam)); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring).

Accordingly, any claim challenging the fact or duration of Plaintiff's confinement is not cognizable under 42 U.S.C. § 1983 and must be pursued, if at all, through habeas relief under 28 U.S.C. § 2241 (or appropriate state remedies). Because it is uncertain whether Plaintiff is attempting to bring a § 2241 claim or whether he has exhausted all available state remedies, his § 1983 complaint will not be recharacterized as a § 2241 petition.

## D.    *Younger* Abstention

Finally, to the extent that Plaintiff requests injunctive or declaratory relief that would interfere with his ongoing state criminal proceedings (*see* Doc. # 1 at 5), the *Younger* doctrine requires abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson*, 32 F.4th at 1099 (citing *Younger*, 401 U.S. at 43–45). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with or restrain ongoing state criminal proceedings except in extraordinary circumstances. *See* 401 U.S. at 43–45;

10

*see also Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015) (per curiam) ("*Younger* abstention applies to claims for injunctive relief, as well as claims for declaratory judgment that would effectively enjoin state proceedings. If *Younger* abstention applies to a claim for monetary damages, the Supreme Court has concluded that a district court can only stay that claim if it cannot be redressed in the state proceeding, and it has no discretion to dismiss those claims."). Absent extraordinary circumstances, *Younger* abstention is required when three conditions are met: (1) the state judicial proceeding is ongoing; (2) the proceeding implicates important state interests; and (3) the state provides an adequate opportunity to raise the constitutional challenge. *Johnson*, 32 F.4th at 1099.

All three *Younger* abstention conditions are met in this case. First, Plaintiff's state criminal proceedings are ongoing. *See State v. Cherch*, CC-2024-746.00 (Elmore Cnty. Cir. Ct.). Second, Plaintiff's state-court proceedings implicate the important state "interest in the enforcement of its criminal laws." *Juidice v. Vail*, 430 U.S. 327, 335 (1977); *see also Johnson*, 32 F.4th at 1099 (recognizing that an ongoing state criminal prosecution "implicates important interests concerning the state's police power"). Third, "[a] federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003)

11

(quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Plaintiff has not so much as alleged, let alone provided "unambiguous authority," that he could not raise his constitutional claims in state court. Furthermore, Plaintiff's allegations do not present any extraordinary circumstance justifying this court's intervention, and thus abstention is appropriate at this time. Therefore, to the extent Plaintiff's claims seek injunctive or declaratory relief, those claims will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (per curiam) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice.").

## E.      Futility of Amending the Complaint

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).

Because Mr. Lively is not a state actor for purposes of § 1983 and for the additional reasons stated in this Memorandum Opinion and Order, this § 1983 action

does not survive screening, and any amendment to the complaint would not cure these defects. Accordingly, leave to amend will not be granted.

## V. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Richard Dale Lively are DISMISSED without prejudice as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

It is further ORDERED that to the extent Plaintiff is asserting an Eighth Amendment claim for deliberate indifference to his serious medical need against an unnamed Defendant, this claim is DISMISSED under § 1915(e)(2)(B)(i) as time-barred.

Alternatively, any claims in this action for declaratory or injunctive relief are DISMISSED without prejudice prior to service of process based on the *Younger* abstention doctrine.

Final judgment will be entered separately.

DONE this 28th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

13